NOT FOR PUBLICATION                                                                                     (Doc. No. 8)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

_____
                                                                    :
ROSEMARIE SHEENAN and                            :
JAMES SHEENAN, III,                                      :
Individually and as class representatives       :
on behalf of others similarly situated,           :
                                                                    :
                        Plaintiffs,                     :      Civil No. 10-6837 (RBK/KMW)
                                                                    :
             v.                                             :      **OPINION**
                                                                    :
MORTGAGE ELECTRONIC,                           :
REGISTRATION SYSTEMS, INC.,                  :
GMAC MORTGAGE CORPORATION,         :
GMAC BANK, and                                         :
GMAC MORTGAGE, LLC,                            :
                                                                    :
                        Defendants.                    :
_____:

**KUGLER**, United States District Judge:

This matter arises out of a putative class action filed by individuals who were allegedly overcharged during post-judgment payoffs following entry of a mortgage foreclosure. Presently before the Court is Plaintiffs' motion to remand pursuant to 28 U.S.C. § 1447. For the reasons discussed below, Plaintiffs' motion is **DENIED.**

    **I.    BACKGROUND**

In January 2006, a judgment of foreclosure was entered against Plaintiffs in New Jersey state court on a principal sum of $184,271.85 plus $2,799.72 in costs. (Am. Compl. ¶ 17). The award of $2,799.72 in costs also included $1,992.42 in attorneys' fees. Id. Pursuant to that judgment, Defendants Mortgage Electronic Systems, Inc. ("MERS"), GMAC Mortgage, LLC. ("GMAC"), and GMAC Bank (collectively "the GMAC Defendants") prepared a payoff

1

statement. The payoff statement included a mortgage balance of $193,917.85 and $3,597.28 in attorneys' fees and costs. Id. at ¶ 22. Plaintiffs paid the sums the GMAC Defendants demanded in March 2006. Id. at ¶ 23. The GMAC Defendants then moved to dismiss the foreclosure action with prejudice and discharged the mortgage. Id. at ¶ 28.

Plaintiffs filed this putative class action in New Jersey Superior Court, Camden County, alleging six causes of action against the GMAC Defendants. The Complaint alleges: (1) breach of contract; (2) negligence; (3) breach of the duty of good faith and fair dealing; (4) unjust enrichment; (5) violation of the New Jersey Consumer Fraud Act; and (6) violation of the Truth-In-Consumer Contract Warranty and Notice Act. (Compl. ¶¶ 51-94). The Complaint alleges that the GMAC Defendants improperly calculated the post-judgment payoff balance on the mortgage. (Notice of Removal at 3). Specifically, Plaintiffs allege that the payoff statements they received from the GMAC Defendants improperly included, among other charges, attorneys' fees and costs in excess of those actually awarded by the state foreclosure judgment. Id. at ¶ 44. Plaintiffs also allege that the GMAC Defendants overcharged them for recording fees, service of process, certified mail fees, sheriff's commissions, and interest. Id. at ¶ 44 (d)-(i).

In April 2010, the GMAC Defendants removed the matter to the United States District Court for the District of New Jersey. The GMAC Defendants asserted jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (Notice of Removal at 3). On April 22, 2010, The GMAC Defendants moved to dismiss the matter, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a cause of action. In June 2010, the District Court remanded the matter to the Superior Court of New Jersey, Camden County. (Mem. Order at 1). The Court found that because "all of Plaintiffs' claims arose from the alleged $4,084.68 overcharge that was a subject of the state court foreclosure judgment," remand was proper. Id. at

3. The Court found that the Rooker-Feldman doctrine precluded a federal court from exercising jurisdiction over the class action because the class action was "inextricably intertwined" with the state foreclosure action. Id.

Plaintiffs filed an Amended Complaint on December 17, 2010. The Amended Complaint includes substantially all of the allegations in the Complaint. The Amended Complaint also alleges that the GMAC Defendants filed false affidavits during the foreclosure action in state court. In particular, the Amended Complaint alleges that Jeffrey Stephan, who is employed by GMAC Mortgage as the leader of its document execution team, signed as many as 10,000 foreclosures in one month without checking the accuracy of those documents or determining whether foreclosure was appropriate. (Am. Compl. ¶ 29). The Amended Complaint further alleges that John Kerr, Mr. Stephan's employee, executed the affidavits in Plaintiffs' foreclosure action using "the same process and procedure as Mr. Stephan." Id. at ¶¶ 34-35. As a result of that conduct, the Amended Complaint adds the following causes of action: (7) breach of contract; (8) negligence; (9) breach of the duty of good faith and fair dealing; (10) violation of New Jersey Consumer Fraud Act; and (11) violation of Truth-In-Consumer Contract, Warranty and Notice Act. Id. at ¶¶ 107-129.[1]

On December 29, 2010, the GMAC Defendants removed this matter to this Court, alleging jurisdiction under CAFA, 28 U.S.C. § 1332(d). In February 2011, Plaintiffs filed the present motion. Plaintiffs concede that the elements of CAFA are satisfied, but argue that the Rooker-Feldman doctrine precludes this court from exercising jurisdiction. (Defs. Mem. in Opp'n to Pls. Mot. to Remand 2).

---

[1] In October 2010, forty-nine state Attorneys General announced that they are investigating allegations that some banks used faulty paperwork to kick delinquent borrowers out of their homes during the 2007 to 2009 mortgage crisis. "Robo-signers" were alleged to have signed off on hundreds of foreclosure affidavits without ever personally reviewing the files associated with the actual loans.

**II. STANDARD**

Under 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to the federal court with original jurisdiction over the action. Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. 28 U.S.C. § 1447(c). To defeat a plaintiff's motion to remand, the defendant bears the burden of showing that the federal court has jurisdiction to hear the case. Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, 29 (3d Cir. 1995). Where the decision to remand is a close one, district courts should resolve all doubts in favor of remand. See Abels, 770 F.2d at 29 ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resoled in favor of remand."); Glenmede Trust Co. v. Dow Chemical Co., 384 F. Supp. 423, 433-34 (E.D. Pa. 1974) ("It is well settled that district courts should remand close or doubtful cases for two reasons. First, remand will avoid the possibility of a later determination that the district court lacked jurisdiction and, secondly, remand is normally to a state court which clearly has jurisdiction to settle the case").

**III. DISCUSSION**

**A. Jurisdiction under the Class Action Fairness Act**

"Pursuant to CAFA, federal courts have jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 in the aggregate, §§ 1332(d)(2) & (6), any class member and any defendant are citizens of different states, § 1332(d)(2)(A), and there are at least 100 members in the putative class, § 1332(d)(5)(B)." Kaufman v. Allstate N.J. Ins. Co., 561 F.3d 144, 149 (3d Cir. 2009).

Here, the Notice of Removal alleges diversity of citizenship. At the time the suit was

4

filed, Plaintiffs were citizens of New Jersey. (Notice of Removal at 4). GMAC Bank is a Utah corporation with its principal place of business in Midvale, Utah. Id. MERS is a Delaware Corporation with its principal place of business in Reston, VA. Id. Thus, the parties are diverse.

The Notice of Removal also alleges a sufficiently large class. Plaintiffs propose a class of individuals: (1) who had home loans held or serviced by the GMAC Defendants in the State of New Jersey from sixteen years prior to the filing of the Complaint through the date of class certification; (2) who received a payoff or reinstatement statement from the GMAC Defendants whose home loan was in default; and (3) who were charged attorneys fees and/or other costs which were in excess of the amount ordered by the state court and allowed by law. (Am. Compl. ¶¶ 50-53). Plaintiffs propose a second class consisting of (1) individuals who had home loans held or serviced by the GMAC Defendants in the United States from "six years prior to the filing of the complaint through the date of class certification; and (2) who were in a foreclosure or other proceeding whose home loan was in default; (3) and where the Defendant filed an improper affidavit." Id. at ¶ 54. Plaintiffs allege, "that there are over 500 mortgages within each category of claims." (Notice of Removal at 3). Therefore, because Plaintiffs propose a class consisting of at least 100 members, the class size requirement under CAFA is satisfied.

Finally, the Notice of Removal alleges that the amount in controversy exceeds $5 million. Id. Thus, the GMAC Defendants have met their burden of showing the Court has jurisdiction to hear the case.

### B. The Rooker-Feldman Doctrine

"Under the Rooker-Feldman doctrine, a district court…lacks subject matter jurisdiction, if the relief requested effectively would reverse a state court decision or void its ruling." Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006). Put simply, Rooker-

Feldman bars a federal proceeding when "entertaining the federal claim would be the equivalent of an appellate review" of a state court judgment. Allah v. Whitman, No. 02-4247, 2005 U.S. Dist. LEXIS 18171, at *4 (D.N.J. Aug. 17, 2005) (quoting FOCUS v. Allegheny Cnty. Ct. of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996)). Thus, a cause of action asserted in federal court is barred under Rooker-Feldman if it seeks to vacate the decision, reasoning, or findings of a state court. Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 419-20 (3d Cir. 2001). However, the doctrine "applies only to cases brought by (1) state-court losers (2) complaining of injuries caused by state court judgments (3) rendered before the district court proceedings commenced and (4) inviting district court review and rejection of those judgments." Id.; see Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The Third Circuit has emphasized that, "[t]he second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010).

It is undisputed that the first and third elements are satisfied. The first element is satisfied because the state court issued a judgment of foreclosure pursuant to which the GMAC Defendants could foreclose on Plaintiffs' home. The third element is satisfied because the state court issued the foreclosure order before Plaintiffs filed this class action.

Regarding the second element, the GMAC Defendants argue that the state action did not cause Plaintiffs' injuries because the inflated post-judgment payoff occurred after the foreclosure judgment. Specifically, the GMAC Defendants contend that Plaintiffs' injury arose from the GMAC Defendants' incorrect calculation of the post-judgment payoff amount. (Defs. Mem. in Opp'n to Pls. Mot. to Remand 2). Plaintiffs assert that their alleged injuries resulted from a state foreclosure judgment based upon faulty affidavits. In support of that argument, Plaintiffs claim

that a possible remedy to their cause of action would be vacating the judgment of foreclosure by the state court. (Pls. Mem. in Reply to Defs. Br. In Opp'n to Pls. Mot. to Remand 4).[2]

Here, Plaintiffs' injuries result from the GMAC Defendants' post-judgment conduct not the state foreclosure judgment. When the defendant's conduct is the source of the plaintiffs alleged injury, Rooker-Feldman does not bar federal jurisdiction. Great Western, 615 F.3d at 167 (holding when the source of the injury is defendant's actions, and not state court judgments, the federal suit is independent, even if it asks the federal court to deny a legal conclusion reached by the state court); id. at 168 ("Even though the injuries of which the plaintiff complained helped to cause the adverse state judgments, these claims were "independent" because they stemmed from "some other source of injury, such as a third party's actions.") (quoting McCormick v. Braverman, 451 F.3d 382, 392 (6th Cir. 2006)). Plaintiffs do not allege that the state court had any role in calculating the inflated post-judgment payoff number. (Defs. Mem. in Opp'n to Pls. Mot. to Remand 5). The allegations and exhibits contained in the Amended Complaint show that the GMAC Defendants calculated the payoff amounts at issue after the foreclosure judgment was entered, and, that their calculations exceeded the court's judgment. Id. at 6. Thus, the GMAC Defendants' actions and not the state court judgment caused Plaintiffs' injury.

Moreover, even if the state court relied on fraudulent documents in the foreclosure action, Plaintiff cannot prove that the foreclosure judgment caused their injuries. "[A] claim that a judgment was procured by fraud is independent of the judgment and therefore, does not fall within the Rooker-Feldman doctrine, while a claim that the judgment itself is illegal does." In re Sabertooth, LLC. V. Simons, 443 B.R. 671, 681 (Bankr. E.D. Pa. 2011) (citing Great Western,

---

[2] However, the prayer for relief contained in the Amended Complaint does not call for the Court to vacate the state court foreclosure judgment. (Am. Compl. Prayer for Relief ¶ 30).

615 F.3d at 168). Thus the second element of the Rooker-Feldman test is not satisfied.[3]

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand is **DENIED**. An appropriate order shall issue today.


Date:  8/10/2011                                                   /s/ Robert B. Kugler
                                                                   ROBERT B. KUGLER
                                                                   United States District Judge

---

[3] Plaintiffs' argument that the previous remand by the District Court in June 2010 satisfies the law-of-the-case doctrine fails because there has been an intervening change in law since that decision. In 2005, the Supreme Court adopted a narrow approach to the Rooker-Feldman doctrine in Exxon Mobil. When the District Court issued their decision to remand the case, it was unclear whether the Rooker-Feldman standard articulated in In re Knapper, 407 F.3d 573 (3d Cir. 2005), was still good law. That case held that a claim is barred by Rooker-Feldman in two circumstances: (1) if the federal claim was actually litigated in state court prior to filing the federal action; or (2) "if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong." Id. at 580. In 2005, the Supreme Court in Exxon Mobil rejected that expansive application of the Rooker-Feldman doctrine. Great Western, 615 F.3d at 166 (citing Exxon Mobil, 544 U.S. at 284). Subsequent to the District Court's decision in June 2010, the Third Circuit expressly adopted the Exxon Mobile test Id. Therefore, the law of the case doctrine does not apply because the holding in Great Western constitutes an intervening change in law.